HENRY *v.* GULF REFINING COMPANY OF LOUISIANA.

Opinion delivered July 11, 1927.

1. EJECTMENT—NATURE OF ACTION.—The action of ejectment is a possessory one, and may be maintained in this State in all cases where there is a legal right of possession against one who wrongfully holds possession from the person having the better right.

2. MINES AND MINERALS—EFFECT OF OIL AND GAS LEASE.—Leases providing for the drilling of wells on certain land during a period of five years *held* to give the assignee of the leases exclusive right to possession of the land for exploitation and development of. oil therein for the time designated in the leases in accordance with their terms.

3. ESTOPPEL—AFTER-ACQUIRED TITLE.—It is only where a grantor attempts to convey a greater estate in lands than he has a right and title to at the time of conveyance that an after-acquired title passes to the grantee, under Crawford & Moses' Dig., § 1498, and then no greater estate passes than was attempted to be passed in the first instance.

4. EJECTMENT—SUFFICIENCY OF COMPLAINT.—In an ejectment suit, a complaint alleging the assignment of oil and gas leases, and that plaintiff had performed all conditions precedent, and that oil was being produced from the leased lands, having extended the life of the leases beyond the five-year term in the first instance, and that plaintiff was ousted from the possession of the lands by the assignor and others claiming under new leases executed by the landowners, about fifteen days before the expiration of the first year under the first leases, *held* good on demurrer, though no facts were alleged showing performance or compliance with conditions of the leases.

5. PLEADING—INDEFINITENESS OF COMPLAINT.—Where the allegations of a complaint are indefinite and uncertain, rather than insufficient, the defects should be corrected by a motion to make more definite and certain, and not by demurrer.

Appeal from Union Circuit Court, Second Division; *W. A. Speer*, Judge; affirmed.

STATEMENT BY THE COURT.

Appellant brought this suit in ejectment against appellees, claiming the right to the possession of the lands in controversy, under certain mineral leases set out in the complaint. The court sustained a general demurrer to the complaint, and dismissed the action on plaintiff's refusal to plead further, from which judgment this appeal is prosecuted.

The complaint alleged that plaintiff was, on February 1, 1923, the owner, seized and possessed of a leasehold estate under a regular 7/8 commercial oil and gas mining lease covering the lands, describing them, and that defendants jointly and severally and unlawfully entered into and upon said lands, and unlawfully withheld possession thereof from plaintiff; alleged further that the parties to the action claim under a common source of title; that the lands described in the complaint are valuable producing oil and gas lands, with a large number of producing oil and gas wells thereon, and that.

defendants had appropriated to their own use and bene-
fit the oil and gas products therefrom, to his damage in
the value of $20,000,000; prayed for an adjudication of
his title, and that possession of the lands be restored to
him, damages for the unlawful ouster, and the value of
the gas and oil appropriated by defendants ($20,000,000).

The complaint also alleges that the leases were
made by the owners of the lands, naming them (the
Murphy lease), on the 7th day of May, 1919, setting them
out in full, to L. A. Conyers and Hayes Hunt, lessees,
who, on December 13, 1919, assigned the leases to O. B.
Henry, appellant, with covenants of general warranty,
the assignments also being set out *in haec verba* in the
complaint.

The Cook lease was made on the 14th day of May,
1919, and assigned to appellant by L. A. Conyers and
Hayes Hunt, the lessees, on December 13, 1919.

Complainant further alleged: ''That, after the date
of all the transactions and conveyances above set out,
and while the rights of plaintiff were still extant, and
while his leases and assignments were in full force and
effect, and while plaintiff had done and performed all of
the things required of him to be done and performed
under his contract and assignments, the said L. A. Con-
yers, one of the plaintiff's assignors and warrantors, for
the purpose of making plaintiff's title to said leasehold
estate more perfect and complete, did obtain and procure
from the said T. C. Murphy, A. B. Cook and M. L. Cook
certain other leases covering said property, as herein-
after set out under paragraphs D and E and F.''

It then sets out the second leases from Murphy to
L. A. Conyers, made on the 22d day of April, 1920, from
A. B. Cook, April 8, 1920, and from M. L. Cook, April 28,
1920, and alleges that the estate and rights conferred in
the second leases are the same as those conferred and
granted by the first leases and assignments thereof, and
cover the same property; that both the lessors and lessees
are direct grantors and warrantors of plaintiff's title
under the first leases; that title under the second leases

passed immediately by estoppel and under the statute, § 1498, C. & M. Digest; "and that, by reason thereof, all estates conferred or conveyed by said second leases inured immediately to the benefit of this plaintiff, and all rights and title thereby conferred vested immediately in this plaintiff, and he at once and immediately became the owner thereof."

.The leases are alike, except as to the names of the parties in each of the three suits consolidated for hearing, and expressly provide for the drilling of a test well during the first year of the leases, in accordance with the terms thereof; and that the leases shall become null and void if said test well is not drilled within one year from date, and also require the lessee to drill a well upon the particular tracts leased within two years from date, on pain of forfeiture, unless the lessee shall pay the rental reserved in order to defer the commencement of the second well for another year. It is provided that the leases shall remain in force for a term of five years from their date and as long thereafter as oil and gas, or either of them, are produced from the lands by the said lessees. The lessee binds himself to drill a test well on the lands or some block of the leased territory within the first year and upon the lands described in the particular lease within two years from the date.

About fifteen days before the expiration of the first year, after the leases had been executed and assigned by Conyers to appellant, the landowners executed new leases of the same lands to Conyers, appellant's assignor of the first leases, and appellees are in possession and developing oil on the lands under said new leases.

It was also alleged that appellant was ousted from the possession of these lands on February 1, 1923, by Conyers and the other defendants, which are now wrongfully held and occupied by them for the development and production of oil on the leased lands, to the damage of plaintiff, and that the trespass complained of is joint, affecting all the lands, except certain tracts designated, as to which the Gulf Refining Company was a separate

trespasser, etc., but which should be joined in the action for the joint trespasses of the defendants as to the other property.

In February, 1926, nearly seven years after the execution of the first leases, appellant, O. B. Henry, brought three actions in ejectment against the several appellees herein. General demurrer was filed and sustained, and the plaintiff declined to plead further. The suits were dismissed, from which judgments appeals were taken, and the cases are consolidated for hearing.

*F. P. Sizer, Coulter & Coulter* and *Gordon Huffmaster,* for appellant.

*Gaughan & Sifford, Mahony, Yocum & Saye* and *Patterson & Rector,* for appellee.

KIRBY, J., (after stating the facts). The action of ejectment is a possessory action, and may be maintained in this State in all cases where there is a legal right of possession against one who wrongfully holds possession from the person having the better right. *Hill* v. *Plunkett,* 41 Ark. 465; *Ritchie* v. *Johnson,* 50 Ark. 555, 8 S. W. 942, 7 Am. St. Rep. 118; and §§ 3686, 3694, C. & M. Digest. See also *Osborne* v. *Ark. Ter. Oil & Gas Co.,* 103 Ark. 175, 146 S. W. 122.

It is not necessary to determine what estate is conveyed in the minerals in the land described in the mining leases before discovery thereof is made, in order to determine the right to the possession of such lands under a lease from the owner of the lands granting the possession thereof, with the exclusive right to develop and mine for such minerals for a designated period.

The court held, in *Mansfield Gas Co.* v. *Alexander,* 97 Ark. 167, 133 S. W. 837, that by such a lease an exclusive right to make search for and to mine the discovered product is given to the lessee for a limited time. *Osborne* v. *Ark. Ter. Oil & Gas Co., supra,* and *Kolachny* v. *Galbraith,* 26 Okla. 772, 110 Pac. 902, 38 L. R. A. (N. S.) 451.

The leases, as specifically set out and relied upon in the complaint, unquestionably gave the appellant the exclusive right to possession of the lands for exploitation

and development of gas and oil therein for the time designated in the leases in accordance with their terms.

The allegations of the complaint show the making of the leases in the first instance by the owners of the lands to Conyers and Hunt and their assignment to appellant; the making of the second leases of the same lands a few days before the end of the year given in the first leases for the drilling of the well, and at the end of which time it was provided the leases should become void if the test well had not been drilled; the ousting of plaintiff, about three years after the making of the second leases, on February 21, 1923, from possession of the lands, which it was alleged are now unlawfully held and occupied by Conyers and the other appellees, to whom the second leases had been transferred for the development and production of oil on the leased lands by them, and the damages to plaintiff on account thereof.

The execution of these second leases by the owners of the lands to appellant's assignor, even conceding it was sufficiently alleged that the right and estate conveyed thereby inured immediately to the benefit of the plaintiff under the terms of the statute, could have had no effect to convey any further or other right to plaintiff than had already been conveyed under the terms of the first leases in any event, and it was not alleged that the lessors did not have a right to convey the leasehold estates in the first instance, as was done.

It is only in cases where the grantor attempts to convey a greater estate in the lands than he has the right and title to at the time of the conveyance that any after-acquired title passes to the grantee under the terms of the statute, and then no greater estate would pass than that attempted to be conveyed in the first instance.

It is true that the complaint alleges that the plaintiff had performed all the conditions precedent, as required in the leases, and that oil was being produced from the leased lands, which would have, if produced by him, extended the life of the leases beyond the five-year term in the first leases executed, under the express terms

thereof, and, although no facts are alleged showing such performance or compliance with such terms and conditions, and another allegation of the complaint, with the necessary inferences arising from the leases pleaded set out therein, appears to be somewhat in conflict and contradictory of the conclusions alleged, we are of opinion the complaint was not subject to demurrer; the allegations thereof, with the necessary inferences arising from the facts alleged, rendering it indefinite and uncertain rather than insufficient; and the defect should have been corrected by a motion to make more definite and certain rather than by demurrer.

The court erred in holding otherwise, and the judgment is reversed, and the cause remanded with directions to overrule the demurrer, and for such other proceedings as are necessary in accordance with the principles of law and not inconsistent with this opinion.