John D. BUNKER *v.* Sheere Lammers
BUNKER (DANIELS)

CA 85-127                                      701 S.W.2d 709

Court of Appeals of Arkansas
Division II
Opinion delivered January 15, 1986

8

*James W. Haddock*, for appellant.

*Johnson & Harrod*, by: *William E. Johnson*, for appellee.

JAMES R. COOPER, Judge. This is an appeal of the chancellor's denial of the appellant's motion to set aside an order entered on October 30, 1984, requiring him to pay delinquent child support in the amount of $23,200.00. The Drew County Chancery Court's order noted that the appellant, by his failure to file an appearance bond, was deemed to be in default and held him liable for the entire amount prayed for by the appellee, pursuant to the terms of a previous order entered on October 11, 1984. We affirm the chancellor's decision.

We first note that the appellant has designated a limited record on appeal, consisting only of the Final Decree of Divorce, dated November 29, 1977, the Petition for Contempt Citation, dated August 23, 1984, a copy of the return of service showing service on the appellant, a copy of each and every document reflecting the method of service of said Petition upon the appellant, and a copy of the Order entered on March 4, 1985, denying the appellant's motion to set aside the order. Among other things, the appellant did not designate the orders entered on October 11th and 30th (the first setting forth the requirements for a continuance and the second being the order the appellant is seeking to have set aside), the oral proceedings on October 8th (the original hearing on the contempt citation), his motion to set aside the Order, and the testimony taken at the hearing on that motion. However, he has provided a transcript that apparently includes all of the proceedings, except the hearing on October 8th, and has abstracted much of the undesignated material. The appellee properly points this out, together with the fact that the appellant failed to designate any points for appeal in his notice of appeal, but she did not move to require the appellant to supplement the record; nor has she attempted to show any prejudice from the appellant's unorthodox and unapproved methods. Furthermore, she does not limit her abstract and arguments to the record as designated, but instead, she dealt with the record that was provided. Therefore, we treat the matter as if the entire record had been designated, since it apparently has been

provided.

The appellant contends that the chancery court erred in entering the orders of October 11th and October 30th, alleging that they amount to judgments, and in failing to grant his motion to vacate those orders. In support of these contentions, he alleges that the chancellor entered a default judgment without a hearing as to the amount and without the written notice of the application for default judgment that Ark. R. Civ. P. Rule 55 requires to be issued at least three days prior to the hearing. The appellant further claims that the chancellor abused his discretion in requiring that a continuance be conditioned upon the posting of an appearance bond, alleging that service was had only six days prior to the hearing, whereas Ark. R. Civ. P. Rule 6(c) requires that notice be given at least ten days before the hearing on a motion.

In this case, the appellant filed his motion to set aside the judgment within 90 days of the filing of the order he seeks to have set aside. However, the order denying his motion was not entered until after the 90 days had expired, raising some question as to whether Ark. R. Civ. P. Rule 60(b) would even have been an available means of setting aside the judgment. *See State Farm Fire and Casualty Co.* v. *Mobley*, 5 Ark. App. 293, 636 S.W.2d 299 (1982) (Mayfield, C.J., concurring). We do not need to decide whether Rule 60(b) can be used in this case, as the appellant's claim that he was denied the three-day notice required by Rule 55 constitutes sufficient grounds for setting aside the judgment under Ark. R. Civ. P. Rule 60(c)(7), which provides that a judgment may be vacated after 90 days for "unavoidable casualty or misfortune preventing the party from appearing or defending." *Magness* v. *Masonite Corp.*, 12 Ark. App. 117, 671 S.W.2d 230 (1984).

The appellant contends that the judgment should have been set aside because he did not receive the three-day notice required when an application for a default judgment is made under Rule 55. Assuming, without deciding, that the notice requirement applied here and had not been complied with, the appellant must also make a prima facie showing that he has a valid or meritorious defense to the action before he is entitled to have the judgment set aside. *Magness, supra*; Ark. R. Civ. P.

Rule 60(d). The motion itself must assert this defense. *Taggart* v. *Moore*, 8 Ark. App. 160, 650 S.W.2d 590 (1983). The only time that a valid defense need not be shown is when the judgment is void, not voidable, such as when the appellant has received no notice whatsoever, actual or constructive. *See White* v. *Ray*, 267 Ark. 83, 589 S.W.2d 28 (1979).

In this case, the appellant does allege in his reply brief that he did not receive a copy of the October orders. However, he did not raise this issue below, and the record indicates that he was present at the hearing on October 8th, that he knew of the requirements, and that the orders were sent to the persons whom the appellant indicated he was going to try to hire as his attorney, one of whom was actually hired by him as his attorney. Therefore, in order to prevail under either Rule 60(b) or 60(c), the appellant was required to show that he had a meritorious defense. A meritorious defense is

> evidence (not allegations) sufficient to justify the refusal to grant a directed verdict against the party required to show the meritorious defense. In other words, it is not necessary to prove a defense, but merely present sufficient defense evidence to justify a determination of the issue by a trier of fact.

*Tucker* v. *Johnson*, 275 Ark. 61, 66, 628 S.W.2d 281, 283-4 (1984). This the appellant failed to do.

The appellant's motion to set aside the order merely alleged that the appellee "is not entitled to the amount entered and the [appellant] has a justifiable and good defense to the amount owed." The appellant gave the following testimony at the hearing on his motion:

> Q.   Okay, now did you have a hearing as to the amounts of money owed?
>
> A.   Well, one time she said I owed her $6000.00 and another time she said I owed sixteen and then the last time she said twenty something so I don't know what she is talking about in the way of money. . . .
>
> Q.   Do you owe her the $23,200.00?
>
> A.   Well, she said she hadn't received anything in five

years. Now she says she has. Her—her—her recollection of funds received is kind of like the governor of Louisiana. I mean, her memory seems to come and go at will.

Q. You claim to have paid her substantial sums . . .

A. Yes sir, I certainly have.

We find no substantial difference between the facts of this case and those of *Meisch* v. *Brady,* 270 Ark. 652, 606 S.W.2d 112 (Ark. App. 1980), which we held to be insufficient to constitute a prima facie showing of a valid defense.

■ The appellant also contends that the chancellor improperly awarded the appellee the full amount she asked for without holding a hearing as to the amount. If this were indeed the case, and if the appellant had made the requisite showing of a meritorious defense, the appellant would be entitled to have the judgment set aside. *Rice* v. *Kroeck,* 2 Ark. App. 223, 619 S.W.2d 691 (1981). Here however, not only has the appellant not presented a meritorious defense, but the order of October 30th, which the appellant is trying to have set aside, specifically states that it is "based upon oral proceedings in open Court on October 8, 1984, at which proceedings both [appellee] and [appellant] were present in person." Where there is anything in the record which would indicate that oral proof was heard and not preserved, we conclusively presume the decree is correct and affirm. *Id.* Here, the oral proceedings were not preserved by the appellant, and it was his duty to do so. Therefore, we assume that the chancellor correctly awarded the appellee the entire amount for which she prayed.

Because the appellant has failed to raise a valid defense to the contempt proceeding, we need not address his final issue. Suffice it to say that we find that the appellant received proper timely notice by mail, in accordance with Ark. R. Civ. P. Rule 5(b), and that the chancellor did not abuse his discretion in conditioning the continuance upon the filing of an appearance bond.

■ The appellee alleges that the appellant's abstract is deficient and in violation of the Ark. R. of the Sup. Ct. Rule 9; she therefore asks to be awarded the costs she entailed in preparing her supplemental abstract. After reviewing the record as submit-

ted and abstracted by the appellant, and not as designated, we agree that the supplemental abstract was necessary. We find that the appellee is entitled to $400.00 as attorney fees for the additional abstracting required by the appellant's failure to comply with Rule 9.

Affirmed.

CORBIN, J., agrees.

CRACRAFT, C.J., concurs.