Lee GOSTON *v.* Freddie Ray CRAIG

CA 90-306                                    805 S.W.2d 92

Court of Appeals of Arkansas
Division I
Opinion delivered March 6, 1991

*Allen & O'Hern*, by: *Tom O'Hern*, for appellant.

*Horace A. Walker* and *Bennie O'Neil*, for appellee.

JUDITH ROGERS, Judge. This appeal is from a default judgment granted by the Pulaski County Circuit Court. Lee Goston, appellant, contends that the trial court erred in denying his motion for dismissal and granting default judgment, in refusing to set the default judgment aside, and in refusing him a hearing in support of his motion. We find no error and affirm.

In 1988, Freddie Craig, appellee; Lee Goston, appellant; and a third party, Angela Mull, were involved in an automobile accident while driving separate vehicles. As a result of his accident, both Goston and Craig were given citations for traffic violations. In September 1988, Angela Mull filed a civil action, *Mull* v. *Goston*, 88-6934, against Goston seeking damages for the injuries she sustained as a result of the accident. There is no

evidence to show that Craig was also made a party to Ms. Mull's suit. On December 26, Goston was served with another complaint in a separate lawsuit filed by Craig in which Craig sought damages for his injuries from the accident. Goston answered Ms. Mull's complaint and, on January 5, 1989, cross-claimed against Craig in Mull's lawsuit contending Craig was liable for any damages Ms. Mull had sustained. Goston, however, failed to answer the lawsuit filed by Craig, and on January 23, 1989, Craig moved for entry of default judgment against Goston. Goston then filed a motion to dismiss Craig's complaint on January 25, 1989, contending Craig's lawsuit should be dismissed because a cause of action was pending between the same parties in the *Mull* v. *Goston* lawsuit which had been filed prior to Craig's.

A hearing was held on Craig's default judgment motion, and Goston appeared by his attorney. The court held that Craig was entitled to default judgment because a responsive pleading had not been filed by Goston within the time prescribed by law. The court, however, allowed Goston until March 22, 1989, to file a motion to set aside the judgment and also set a March 22 hearing date for Craig to present evidence of his damages. Because Goston waited until March 22 to file his motion to vacate and set aside the default judgment and Craig had not had time to respond to this motion, the court, at the March 22 hearing, reserved making a decision as to whether the default judgment should be set aside but allowed Craig to present evidence of his damages. Eleven months later, on February 14, 1990, the court entered an order refusing to set aside the default judgment, finding that Goston had not shown sufficient grounds for his failure to file a timely response and awarded Craig judgment against Goston in the amount of $15,000.00. Goston then filed another motion to set aside the judgment or, in the alternative, new trial or, in the alternative, for an additional hearing and specific findings of fact; however, an order was never entered by the court in response to this motion.

On appeal, Goston raises a number of arguments for reversal; however, we find they can be reduced to two issues: whether the trial court erred in granting default judgment and whether the trial court abused its discretion in failing to set the default judgment aside.

■ The supreme court has been strict in its interpretation of Ark. R. Civ. P. 55 in holding that a default judgment is required where there has been a failure to make any sort of timely filing or appearance in a trial court within twenty days. *Allstate Ins. Co.* v. *Bourland*, 296 Ark. 488, 493, 758 S.W.2d 700, 702 (1988). The failure to file an answer according to the rules requires that the trial court shall enter a default judgment unless there is excusable neglect, unavoidable casualty, or other just cause, and it is an abuse of discretion for the trial court to refuse to grant default judgment after the period for an answer has expired in the absence of those conditions. *Lewis* v. *Crowe*, 296 Ark. 175, 178, 752 S.W.2d 280, 282 (1988).

■■ It is undisputed that Goston did not file any type of response to Craig's complaint until more than thirty days had lapsed after he was served with Craig's complaint. Goston contends, however, that his cross-complaint against Craig in *Mull* v. *Goston* was pending at the time Craig filed his lawsuit against him and, therefore, his motion to dismiss Craig's complaint should have been granted pursuant to Ark. R. Civ. P. 12(b)(8), which provides that a defense based on the pendency of another action between the same parties based on the same occurrence may be raised by a motion to dismiss. We disagree that this motion was proper, however, because the evidence refutes Goston's contention that his cross-complaint was pending at the time Craig filed his lawsuit. Craig's complaint was file-marked December 19, 1988; although Goston has not included a copy of his cross-claim against Craig in his appendix, he states in his brief that it was not filed until January 5, 1989. Furthermore, Goston's motion for dismissal was not timely filed. A motion to dismiss arising out of the pendency of another action between the same parties must be filed within twenty days after service of process. *See Inmon Truck Sales, Inc.* v. *Wright*, 294 Ark. 397, 398, 743 S.W.2d 793, 794 (1988).

■ We also find no error in the court's refusal to set aside the default judgment based upon his assertions of excusable neglect, unavoidable casualty, other just cause, or to avoid a miscarriage of justice. In order to have a judgment set aside under Rule 55, 60(b), or 60(c) of the Arkansas Rules of Civil Procedure, a party is required to show in its motion that it has a meritorious defense. *Hendrix* v. *Hendrix*, 26 Ark. App. 283, 285, 764 S.W.2d

472, 473 (1989). A meritorious defense is evidence, not allegations, sufficient to justify the refusal to grant a directed verdict against the party required to show a meritorious defense, and the motion itself must assert the defense. *Id.*; *Bunker* v. *Bunker*, 17 Ark. App. 7, 11, 701 S.W.2d 709, 711; *Meisch* v. *Brady*, 270 Ark. 652, 658, 606 S.W.2d 112, 115 (Ark. App. 1980). Here, Goston asserts in his motion to set aside the default judgment that he has a meritorious defense but presents no evidence of such a defense. Therefore, he is not entitled to have the judgment set aside.

■ Goston also contends that, because Craig's summons did not contain the address of Craig's attorney as required by Ark. R. Civ. P. 4(b), the judgment should be set aside. In *Tucker* v. *Johnson*, 275 Ark. 61, 66, 628 S.W.2d 281, 283 (1982), the supreme court held that a default judgment based on valid service of a defective summons is voidable. Assuming without acknowledging that the judgment here was voidable, there still needed to be a showing of a valid or a meritorious defense by Goston in order to have the judgment set aside, and no such showing was made. *See Id.*; *Bunker*, 17 Ark. App. at 10, 701 S.W.2d at 710-11.

■ Goston finally argues that the trial court erred in denying his motion to vacate the judgment without first allowing him a hearing on his motion. We disagree that he was denied a hearing. The court held a hearing on February 6 prior to granting Craig's motion for a default judgment, at which time Goston's counsel was present and had an opportunity to present any defenses Goston had for failing to make a timely appearance. Goston's motion to set aside the default judgment was not filed until the date of the March 22 hearing, and there is no evidence that Goston made any further attempt to obtain a hearing after this date until after the court rendered its decision in February 1990. Based on these facts, we find no abuse.

Affirmed.

DANIELSON and MAYFIELD, JJ., agree.