IN the MATTER of the ESTATE OF Venita J. GOSTON, Deceased, et al. *v.* FORD MOTOR COMPANY, et al.

94-1229                                              898 S.W.2d 471

Supreme Court of Arkansas
Opinion delivered June 5, 1995
[Rehearing denied July 10, 1995.]

700

*C. Marshall Friedman, P.L.*, by: *C. Marshall Friedman* and *Kenneth E. Rudd* and *Law Offices of William T. Finnegan*, by: *William T. Finnegan*, for appellant.

*Matthews, Sanders, Liles & Sayes*, by: *Gail O. Matthews*, for appellees.

ANDREE LAYTON ROAF, Justice. This tort case presents the question of whether the Circuit Judge was correct in dismissing a claim on the basis of res judicata. We affirm the result reached by the trial court, but for the reason that the appellant's claim was precluded by Ark. R. Civ. P. 13(a), which requires that a compulsory counterclaim be pled.

This case arises from an accident between two vehicles that occurred on February 12, 1988. Leo Goston, appellant, was heading north on John Barrow Road in Little Rock and was attempting to make a left turn onto a side street. Freddie Craig, appellee, was heading south on Barrow road and collided with Goston's car as it was in the process of making the turn.

The Goston car burst into flames and Leo Goston's wife Venita, a passenger, was severely burned and subsequently died. Leo Goston also claimed injuries as did Freddie Craig. There were two lawsuits between Goston and Craig based on this accident and this appeal is only from the latter of the two, in which Goston sued Craig.

On December 19, 1988, Freddie Craig filed a personal injury action against Leo Goston. Craig alleged that the accident occurred as the result of negligence on the part of Goston. Goston did not file an answer within the required time, but filed an untimely motion to dismiss. On the basis of that untimely response Craig moved for a default judgment. A default judgment was granted in favor of Craig on February 15, 1989.

Goston made unsuccessful attempts to get the judgment set aside and appealed the judgment. This case was affirmed in *Goston* v. *Craig*, 34 Ark.App. 23, 805 S.W.2d 92 (1991), on March 6, 1991.

In February 1991, Goston filed suit against Craig, Ford Motor Company, and Walt Bennett Ford based on the same accident. Goston asserted his individual cause of action, a wrongful death for Venita Goston, and derivative claims of the statutory beneficiaries of Venita Goston. Both Ford and Walt Bennett filed cross claims against Craig; Walt Bennett filed a cross claim against Ford.

Craig answered and moved for summary judgment on the basis of res judicata by reason of the default judgment Craig had obtained against Goston in the first suit. The trial court granted Craig's motion on that basis in an amended order entered December 19, 1991. Goston filed a notice of appeal from that order.

Goston's initial appeal of the order of December 19, 1991 was dismissed by this court on the basis of Ark. R. Civ. P. 54(b).

In March, 1993, Goston filed an amended complaint, including along with the originally named defendants, three additional defendants. He later obtained dismissal by non-suit of all claims and cross-claims except his individual claim against Craig, non-suiting the last defendant on August 12, 1994. He again filed his notice of appeal of the December 19, 1991 order granting summary judgment to Craig.

The appeal before us now is from the December 19, 1991 order which granted summary judgment to Craig on the basis of res judicata. While we do not agree with the basis on which the trial court granted the motion for summary judgment, this court will affirm the trial court where it has reached the right conclusion for the wrong reasons. *Summers Chevrolet, Inc.* v. *Yell County*, 310 Ark 1, 832 S.W.2d 486 (1992). We therefore affirm on the basis that Rule 13(a) precludes the appellant from pursuing his claim against Craig.

Goston raises three points on appeal: (1) that the trial court erred in granting the motion for summary judgment based on the doctrine of res judicata, (2) that the compulsory counterclaim provisions of Ark. R. Civ. P. 13(a) do not bar his claim against Craig for his personal injuries and (3) that summary judgment was entered in error because Craig waived or should be estopped from asserting that Goston was required to have litigated the issues of Craig's negligence in the previous action filed by Craig.

Goston first argues that the doctrine of res judicata or "claim preclusion" does not operate to permit the default judgment obtained by Craig to bar Goston from asserting his separate cause of action against Craig, even though both claims arose from the same accident. Craig responds to the argument by asserting that it is collateral estoppel or "issue preclusion," that actually bars Goston's claim.

This court has addressed the distinction between claim and issue preclusion on a number of occasions. The difference between the two concepts is stated in *John Cheeseman Trucking Inc.* v. *Pinson*, 313 Ark. 632, 855 S.W.2d 941 (1993):

> The concept of *res judicata* has two facets. One being issue preclusion and the other being claim preclusion. Issues in connection with this appeal are governed by the issue

preclusion facet of the concept of *res judicata*. Claim preclusion forecloses further litigation on a cause of action. *Bailey v. Harris Brake Fire Protection Dist.*, 287 Ark. 268, 697 S.W.2d 916 (1985). Issue preclusion precludes further litigation in connection with a certain issue. Issue preclusion is limited to those matters previously at issue, which were directly and necessarily adjudicated. *Smith v. Roane*, 284 Ark. 568, 683 S.W.2d 935 (1985).

This court has elaborated on that distinction in *Bailey v. Harris*, supra:

[C]laim preclusion bars not only the relitigation of issues which were actually litigated in the first suit, but also those which could have been litigated but were not. *Wells v. Ark.Pub.Serv.Comm'n*, supra; and *Lovell v. Mixon*, 719 F.2d 1373 (8th Cir. 1983). In contrast, issue preclusion, or the collateral estoppel aspect of res judicata, is limited to those matters previously at issue which were directly and necessarily adjudicated. *Smith v. Roane*, 284 Ark. 568, 683 S.W.2d 935 (1983).

The Restatement (Second) of Judgments' (1982) definition of claim preclusion is found at §18 and it provides:

When a valid and final personal judgment is rendered in favor of the plaintiff:

(1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment; and

(2) In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action.

The definition of issue preclusion is found at § 27 of the Restatement:

When an issue of fact or law is actually litigated and determined by a valid and final judgment and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

This case clearly does not present a situation for the application of claim preclusion. We do not have a case of the plaintiff, in this case Craig, attempting to relitigate the same claim or any other claim which he could have raised in his cause of action arising from this accident.

However, the question of whether the matter is one of issue preclusion must also be resolved. Issue preclusion, or collateral estoppel, is usually applied to all issues other than a plaintiff's claim in determining the effect of a judgment in precluding relitigation of an issue. The question of whether an issue was previously litigated is interpreted very narrowly for purposes of collateral estoppel. See *Smith* v. *Roane*, 284 Ark. 568, 683 S.W.2d 935 (1983).

Although the issue of Goston's negligence as the cause of Craig's injuries was decided by the entry of the default judgment, this is not the same issue as whether Craig's negligence was the proximate cause of Goston's injuries. The finding that Goston was negligent does not equate to a finding that Craig was free of negligence in the same accident. The issue of Craig's negligence was not actually litigated, nor was determination of his negligence essential to the default judgment rendered in favor of Craig. Craig's default judgment is thus not conclusive in this subsequent action by Goston, and the trial court's order on the basis of res judicata was incorrect.

We therefore conclude that neither the doctrine of res judicata nor collateral estoppel would preclude Goston from bringing his claim against Craig.

However, Ark. R. Civ. P. 13(a) does clearly present a bar to Goston's claim. This rule provides:

> (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which, at the time of filing the pleading, *the pleader has against any opposing party, if it arises out of the transaction or occurrence* that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. (emphasis added).

We stated in *Bankston* v. *McKensie*, 288 Ark. 65, 702 S.W.2d

14 (1986) that the reason for this rule is to require parties to present all existing claims simultaneously to the court or be forever barred, thus preventing a multiplicity of suits arising from one set of circumstances. There is no question but that Goston's present claim arose out of the same "transaction or occurrence" as did Craig's, and that Goston would be required to plead his counterclaim in Craig's case or waive it, under Rule 13(a). See e.g. *Wasp Oil* v. *Arkansas Oil & Gas*, 280 Ark. 420, 658 S.W.2d 397 (1983).

Goston argues that we should not apply Rule 13(a) to default judgments. Although this court has not previously addressed this issue, Rule 13(a) is virtually identical to its federal counterpart and we can look to federal sources for guidance on this question.

*Wright, Federal Practice and Procedure*, § 1417 (1990), discusses Rule 13(a):

> However, if notions of estoppel or waiver are used to preclude defendant from asserting his claim in a later suit, should they apply when the first action has resulted in a consent or a default judgment? The Advisory Committee Note to Rule 13(a) only states that an independent suit is barred if the earlier action has "proceeded to a judgment," without indicating what kind of judgment is contemplated, which has the effect of leaving the question unanswered. *Typically, courts have given default judgments full effect and have held that a counterclaim omitted from an action that terminates in a default judgment will be barred from any subsequent suits.* However, if the parties resolve their dispute by means of a consent judgment, defendant may reserve the right to bring a later action on his counterclaim and no bar will result. (emphasis added).

Here, Goston's failure to present his counterclaim in the original action filed by Craig is the proper basis for the trial court's ruling that Goston is barred from now raising this claim.

Appellant Goston also argues that Craig should be estopped from asserting that Goston was required to have litigated his claim in the prior action filed by Craig, and cites to *Clark* v. *Yosemite Community College Dist.*, 785 F.2d 781 (9th Cir. 1986),

for the proposition that "a party who successfully blocks litigation of a cause of action in one proceeding may not hide behind the defense of res judicata in the second proceeding."

However, appellant makes this argument for the first time on appeal. Failure to make an objection below and get a ruling on it will waive the argument on appeal. *Thomas* v. *Cornell*, 316 Ark. 366, 872 S.W.2d 370 (1994); *Shelter Mut. Ins. Co.* v. *Page*, 316 Ark. 623, 873 S.W.2d 534 (1994). We therefore do not consider the merits of the argument.

The judgment of the trial court is affirmed.

BROWN, J., concurs.