2009 Ark. App. 825

**Tiffany BENEDETTO, Appellant**

v.

**JUSTIN WOOTEN CONSTRUCTION, LLC, Appellee.**

**No. CA 08–1243.**

Court of Appeals of Arkansas.

Dec. 9, 2009.

The Henry Firm, P.A., Little Rock, by: Matthew M. Henry, for appellant.

Henry & Henry, Conway, by: Clifford J. Henry, for appellee.

ROBERT J. GLADWIN, Judge.

|₁Tiffany Benedetto appeals from the Faulkner County Circuit Court's orders denying her motion for default judgment against appellee Justin Wooten Construction, LLC, and granting appellee's motion to dismiss. We affirm the circuit court's orders.

In March 2008, appellant sued appellee for malicious prosecution and abuse of process. She alleged that she and her former husband entered into a contract to buy a house from appellee and took possession of it before closing; she and her husband became estranged, and he moved out of the house while continuing to make payments to appellee. Appellant further alleged that, after appellee filed a petition for ejectment against her in March 2006, it permitted her husband to occupy the house. She contended that appellee had exploited her circumstances, abused the legal process, and filed the ejectment action without cause and with |₂malicious intent to humiliate her.

Appellee moved to dismiss, alleging that appellant had not responded to or entered an appearance in the ejectment action, and that she had voluntarily moved out of the house. Appellee asserted that, because it had not pursued the action any further, the circuit court involuntarily dismissed the action for failure to prosecute on December 1, 2006, and because it did not refile the action within one year, this case was barred by res judicata.

On May 22, 2008, appellant moved for default judgment and to strike appellee's motion on the ground that it had been served on April 22, 2008, and failed to file an answer or appear until May 13, 2008, which was one day late. Along with a copy of the receipt, she attached an affidavit of service stating that, on April 22, 2008, Justin Wooten (who owns appellee-company with his wife) had signed a re-

ceipt for the complaint and summons sent by certified mail.

Appellee asserted that its untimely filing of the motion to dismiss was the result of mistake, inadvertence, or excusable neglect. It argued that, on May 7, 2008, Wooten had informed appellee's attorney that he had been served on April 23, 2008, not April 22, 2008, as reflected on the certified mail "green card," and that the attorney had believed that May 13, 2008, was the deadline for filing an answer. Appellee added that its attorney had not known that May 12, 2008, was the deadline because appellant had not filed the proof of service until May 22, 2008, which was not timely. In its accompanying brief, appellee argued that appellant had suffered no surprise or prejudice; that its default in this case was largely |₃technical; and that, under the current version of Arkansas Rule of Civil Procedure 55, which was designed to promote judgments on the merits, rather than on technicalities, the entry of a default judgment is discretionary. Appellee pointed out that it had appeared by filing its motion to dismiss, which set forth a meritorious defense. See Ark. R. Civ. P. 55(a) (2009).

■ Appellant filed a supplemental brief in support of her answer to appellee's motion to dismiss, stating that res judicata did not apply because the lawsuits were based upon two separate events. See Crockett & Brown, P.A. v. Wilson, 314 Ark. 578, 864 S.W.2d 244 (1993). In her brief, appellant set forth the elements of the torts of malicious prosecution and abuse of process. To prevail on a claim for malicious prosecution, a plaintiff must prove (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceedings; (4) malice on the part of the defendant; and (5) dam-

ages. See Farm Serv. Coop., Inc. v. Goshen Farms, Inc., 267 Ark. 324, 590 S.W.2d 861 (1980). Appellant argued that her claim for malicious prosecution did not arise until after the conclusion of the original action.

■ One asserting an abuse-of-process claim must establish (1) a legal procedure set in motion in proper form, even with probable cause and ultimate success; (2) the procedure is perverted to accomplish an ulterior purpose for which it was not designed; and (3) a willful act is perpetrated in the use of process which is not proper in the regular conduct of the proceeding. South Ark. Petroleum Co. v. Schiesser, 343 Ark. 492, 36 S.W.3d 317 (2001). The test of abuse of process is whether a judicial process is used to extort or coerce. Id. The key |₄to the tort is the improper use of process after its issuance in order to accomplish a purpose for which the process was not designed. Id. Thus, it is the purpose for which the process is used, once issued, that is important in reaching a conclusion. Id.

The court held a hearing on July 8, 2008. Wooten testified that he believed that he had signed the green card at the post office on Wednesday, April 23, and not the day before, because as soon as he picked up the complaint, he showed it to his wife, who only worked on Monday, Wednesday, and Friday, at her place of employment. He stated that he did not write the "4/22/08" date on the green card, and that, whoever (he assumed the postal service) did, wrote the wrong date. The court then looked at the postal service's web site to verify the actual date of service, but concluded its efforts by stating that it was "not helpful." The court did not take any further testimony, but heard the arguments of counsel.

On July 11, 2008, the circuit court entered an order denying appellant's motion

for default judgment and granting appellee's motion to dismiss. The court noted that Wooten had believed that he picked up the summons on Wednesday, April 23, 2008, and not Tuesday, April 22, 2008, because he remembered taking it to his wife at work, and she worked on Wednesdays, not Tuesdays. The court stated that, since Rule 55 was amended in 1990, it is preferable to decide cases on the merits, rather than on technicalities. It found that appellee had shown mistake or inadvertence, as well as a meritorious defense, while appellant had suffered no prejudice.

The court dismissed appellant's malicious-prosecution claim because she could not ⌊₅"meet even a perfunctory showing of element two, termination of the proceeding in favor of the Plaintiff." The court stated that the ejectment action was dismissed *sua sponte* by the court for lack of prosecution; that there was no termination in favor of either party; and that appellee could have pursued the action, especially in light of appellant's failure to answer the petition. The court also stated that res judicata did not bar this claim because it requires termination of an earlier legal action, which appellant could not have alleged in the first lawsuit.

Regarding the abuse-of-process claim, the court acknowledged that appellant was not required to establish that the first action was resolved in her favor. Nevertheless, the court reasoned, the claim-preclusion aspect of res judicata barred the abuse-of-process claim because it could have been raised as a counterclaim in the ejectment action, citing *South Arkansas Petroleum Co. v. Schiesser, supra; McNair v. McNair*, 316 Ark. 299, 870 S.W.2d 756 (1994); and *Farm Service*

*Coop., Inc. v. Goshen Farms, Inc., supra.* On July 15, 2008, the court entered a "Final Order" stating that appellant's May 22, 2008 filing of the affidavit of service did not comply with Arkansas Rule of Civil Procedure 4(g), although it did not render the service invalid, and stating that an earlier filing would have "mitigated any mistake or inadvertence argument."

On August 21, 2008, appellant filed a motion for relief from judgment, asserting that she had obtained a certified copy of the postal service's electronic-delivery record, which indicated that Wooten had received the complaint and summons on April 22, 2008. Appellant ⌊₆attached a copy of the delivery record obtained from the postal service's web site. Appellant argued that appellee had failed to plead Wooten's certainty of having received the complaint on April 23, 2008. Appellee responded that, regardless of whether it had pled that Wooten knew he had received the complaint on April 23, 2008, appellant had waived that argument by failing to object to his testimony at the hearing. The court denied the motion for relief from judgment on September 30, 2008, stating that it had considered the postal service's documents before issuing its earlier order, and reiterating that appellee had established mistake or inadvertence. Appellant then pursued this appeal.

■■■ Appellant argues in her first point that the circuit court erred in denying her motion for default judgment, citing *Goston v. Craig*, 34 Ark.App. 23, 805 S.W.2d 92 (1991), in which this court followed the requirements of Arkansas Rule of Civil Procedure 55 before it was significantly amended in 1990.[1] The standard by

---

1. Appellant also argues that the court should not have found mistake or inadvertence because, at the hearing, Justin Wooten testified that the mistake was made by the USPS in recording the wrong date of delivery of service. The trial court, however, explained that it had considered the USPS's records in mak-

which we review the granting or denying of a motion for default judgment is whether the trial court abused its discretion. *B & F Eng'g, Inc. v. Cotroneo,* 309 Ark. 175, 830 S.W.2d 835 (1992); *Moore v. Taylor Sales, Inc.,* 59 Ark.App. 30, 953 S.W.2d 889 (1997). Default judgments are not favorites of the law and should be avoided when possible. *Id.* Under former Rule 55(c), a default judgment could be set aside upon a showing of "excusable neglect, unavoidable casualty, or other just cause." In 1990, the supreme court amended Rule 55 by making it more lenient, and allowing more discretion to trial courts in deciding whether to enter a default judgment. *Id.* The revised rule reflects a preference for deciding cases on the merits rather than on technicalities. *Id.* The revised Rule 55(c) reads as follows: "The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (4) any other reason justifying relief from the operation of the judgment." This subsection of the rule also requires that the party seeking to have the judgment set aside must demonstrate a meritorious defense to the action. The reporter's notes to Rule 55 explain that, in deciding whether to enter a default judgment, the court should take into account the factors utilized by the federal courts, including: whether the default is largely technical and the defendant is now ready to defend; whether the plaintiff has been prejudiced by the defendant's delay in responding; and whether the court would later set aside the default judgment under Rule 55(c). The same considerations apply in considering whether a trial court abused its discretion in denying a default judgment. *B & F Eng'g, supra.* Whether a trial court abused its discretion

in making this ruling should be decided on a case-by-case basis. *Id.*

█ The circuit court did not abuse its discretion in denying appellant's motion for default judgment. Appellee proved that either Justin Wooten or the postal service was mistaken; that the filing was only one day late; that appellee appeared and raised a meritorious defense; and that appellant was not prejudiced. In fact, appellant's counsel conceded in oral argument that appellant suffered no prejudice, and we agree. Considering all the material circumstances, no abuse of discretion occurred, and we affirm as to the motion for default judgment.

In her second point, appellant acknowledges that there are no cases in Arkansas addressing whether a dismissal for failure to prosecute is a "termination in favor of the plaintiff" sufficient to meet that element of a malicious-prosecution claim. She urges us to follow comment *j* to Restatement (Second) of Torts § 674 (1977), which states that it may be sufficient:

> Civil proceedings may be terminated in favor of the person against whom they are brought ... by (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his failure to prosecute them. A favorable adjudication may be by a judgment rendered by a court after trial, or upon demurrer or its equivalent. In either case the adjudication is a sufficient termination of the proceedings, unless an appeal is taken. If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail.

ing its finding that appellee had proven mistake or inadvertence.

The Restatement approach recognizes that the particular circumstances of each case must be considered. This comment adds that whether a withdrawal or an abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought, and whether the withdrawal is evidence of a lack of probable cause for their initiation, depends upon the circumstances under which the proceedings are withdrawn. *Cult Awareness Network v. Church of Scientology Int'l*, 177 Ill.2d 267, 226 Ill.Dec. 604, 685 N.E.2d 1347 (1997), *cert. denied*, 523 U.S. 1020, 118 S.Ct. 1300, 140 L.Ed.2d 466 (1998) (recognizing that this position avoids the problems inherent in allowing a plaintiff to avoid a malicious prosecution action by obtaining a nonfactual disposition of the action).

■ We need not decide whether a dismissal for failure to prosecute is a termination in favor of the plaintiff in the context of a malicious-prosecution case. Although there may be ⌊9situations warranting that conclusion, this is not such a case. The circumstances of this case clearly show that the dismissal of the ejectment action cannot be viewed as a termination in appellant's favor. Appellant did not bother to file an answer or otherwise appear in the ejectment action, and appellee did not pursue it because it had obtained the relief it sought, *i.e.*, appellant moved out of the house. Accordingly, we reject appellant's challenge to the circuit court's ruling on the malicious-prosecution claim.

■ Appellant also challenges the circuit court's holding that the abuse-of-process claim was barred by res judicata.[2] The doctrine of res judicata has two as-

pects: claim preclusion and issue preclusion. *See Cox v. Keahey*, 84 Ark.App. 121, 133 S.W.3d 430 (2003). Under the claim-preclusion aspect of the doctrine of res judicata, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Id.* Res judicata bars not only the relitigation of claims that were actually litigated in the first suit, but also those that could have been litigated. *Id.* When a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id.*

■ Appellant argues that res judicata did not apply to the abuse-of-process claim because the two lawsuits were based upon different events, and she could not have filed a ⌊10counterclaim alleging that tort in the ejectment action. We disagree. Appellant could have filed a counterclaim for abuse of process in the context of the ejectment action. *See McNair v. McNair, supra.* The foundation of appellant's abuse-of-process claim was that, in forcing her to leave the house, appellee perverted the ejectment procedure to accomplish a purpose for which it was not designed. The very object of an ejectment action, however, is to obtain possession of land from one who wrongfully holds possession. *See Patterson v. McKay*, 199 Ark. 140, 134 S.W.2d 543 (1939); *Henry v. Gulf Refining Co.*, 176 Ark. 133, 2 S.W.2d 687 (1927); Ark.Code Ann. § 18–60–201 (Repl.2003). Clearly, the two lawsuits were based on the same event, appellee's recovery of possession of the house. The circuit court,

---

**2.** Appellant erroneously asserts that "there are no cases in Arkansas law which dismiss a claim for abuse of process based on res judicata." In *Jayel Corp. v. Cochran*, 366 Ark.

175, 234 S.W.3d 278 (2006), the supreme court affirmed, on the basis of res judicata, a trial court's entry of summary judgment for the defendant on an abuse-of-process claim.

therefore, was correct in holding that the abuse-of-process claim was barred by res judicata.

Affirmed.

GLOVER and BROWN, JJ., agree.