Cite as 2024 Ark. App. 245

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-23-325

| | |
|---|---|
| MADISON J. BRYANT<br>APPELLANT<br><br>V.<br><br>WILLIAM MICHAEL WATTS<br>APPELLEE | Opinion Delivered April 10, 2024<br><br>APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT<br>[NO. 05CV-20-277]<br><br>HONORABLE ANDREW S. BAILEY, JUDGE<br><br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Madison Bryant appeals the July 29, 2022 order of the Baxter County Circuit Court denying her motion for default judgment against appellee William Watts. Appellant contends that the circuit court erred by denying her motion for default judgment. We affirm.

Appellant filed a complaint against appellee on November 11, 2020, contending that appellee had committed assault and battery against appellant on November 30, 2019, resulting in physical damage to appellant that required prolonged medical treatment. Appellee was served with the complaint and summons on January 27, 2021. Appellee filed his answer on March 1, denying the material allegations of appellant's complaint. Appellant filed a motion for default judgment on February 16, 2022, contending that appellee failed to timely answer the complaint. According to appellant, the answer was due on February

26, 2021, and appellee did not file his answer until March 1. Appellee's response was filed on February 28, 2022, and it included affidavits and other documentation as exhibits. One exhibit showed that the deadline for the answer had been logged on Angela Artherton's, appellee's attorney at the time the answer was filed, calendar as March 9, by S.C.[1] Another exhibit showed Artherton had emailed Crow on February 1 asking Crow to "calendar the deadline for answering as 30 days from last Wednesday[.]" Appellee's affidavit was also included in the exhibits. In the affidavit, he denied the allegations against him and stated that appellant was the actual aggressor and disputed that appellant needed medical attention following their interaction on the date in question. Artherton's affidavit stated that she had correctly instructed Crow on how to docket the deadline for the answer but that Crow misinterpreted her instructions, leading to the deadline being shown as March 9. Artherton said that she filed the answer on March 1, believing that it was being filed a week early. She stated that she had no knowledge that the answer was untimely filed until appellant filed the motion for default judgment. Artherton said that appellant suffered no prejudice from the answer being filed a day late since there had been no movement in the case since appellee's answer was filed, prior to the motion for default judgment. Appellant filed a reply on March 10 contending that she was entitled to a default judgment against appellee. The circuit court held a hearing on July 21 and took the matter under advisement. The circuit court denied appellant's motion by an order filed on February 29. The case progressed to a jury trial, and

---

[1]S.C. are Seana Crow's initials. Crow was Artherton's receptionist.

the jury entered a verdict in favor of appellee on February 23, 2023. The judgment was filed on February 27. Appellant filed a timely notice of appeal on March 13.

The standard by which we review the granting or denying of a motion for default judgment is whether the circuit court abused its discretion.[2] Default judgments are not favorites of the law and should be avoided when possible.[3] Under former Arkansas Rule of Civil Procedure 55(c), a default judgment could be set aside upon a showing of "excusable neglect, unavoidable casualty, or other just cause." In 1990, the supreme court amended Rule 55 by making it more lenient and allowing more discretion to circuit courts in deciding whether to enter a default judgment.[4] The revised rule reflects a preference for deciding cases on the merits rather than on technicalities.[5] The revised Rule 55(c) reads as follows: "The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (4) any other reason justifying relief from the operation of the judgment." This subsection of the rule also requires that the party seeking to have the judgment set aside must demonstrate a meritorious defense to the action. The reporter's notes to Rule 55 explain that, in deciding whether to enter a default judgment, the court should take into account the factors utilized

---

[2]*Benedetto v. Justin Wooten Constr., LLC*, 2009 Ark. App. 825, 372 S.W.3d 391.

[3]*Id.*

[4]*Id.*

[5]*Id.*

by the federal courts, including whether the default is largely technical, and the defendant is now ready to defend; whether the plaintiff has been prejudiced by the defendant's delay in responding; and whether the court would later set aside the default judgment under Rule 55(c).[6] The same considerations apply in considering whether a circuit court abused its discretion in denying a default judgment.[7] Whether a circuit court abused its discretion in making this ruling should be decided on a case-by-case basis.[8]

In light of the circumstances of this case, we cannot say that the circuit court abused its discretion by denying appellant's motion for default judgment. Although the answer was filed a day late, appellee was able to show that it was due to a calendaring issue by someone other than his attorney. Appellant has not argued or otherwise shown how she was prejudiced by the untimely answer. Additionally, there is no indication that the untimely answer caused the case to be stalled or held up. There is no evidence that appellant was not ready to defend the action against him or that the default judgment would not be set aside for one of the reasons enumerated in the updated rule. Specifically, even if the act of filing the late answer does not fall under excusable neglect, Rule 55 allows relief from judgment for any other justifiable reason, which could include the circumstances of this case. Accordingly, we affirm.

---

[6]Ark. R. Civ. P. 55(c) addition to reporter's notes, 1990 amend.

[7]*B&F Eng'g, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992).

[8]*Id.*

Affirmed.

BARRETT and MURPHY, JJ., agree.

*Conner & Winters, LLP*, by: *Todd P. Lewis* and *Jorge J. Rodriguez*, for appellant.

*Sprott, Golden & Bardwell*, by: *Kelsey K. Bardwell*; and *Quattlebaum, Grooms & Tull*, by: *Thomas G. Williams*, for appellee.