314 So.2d 342 (1975)
E.D. PARKER
v.
COTTON BELT INSURANCE COMPANY, INC., and Mississippi State Highway Commission.
No. 48063.
Supreme Court of Mississippi.
May 19, 1975.
Rehearing Denied July 7, 1975.
*343 John L. Long, Tupelo, for appellant.
Butler, Snow, O'Mara, Stevens & Cannada, Lawrence J. Franck, Richard L. Forman, A.F. Summer, Atty. Gen. by Oscar P. Mackey, Asst. Atty. Gen., Jackson, for appellees.
Before GILLESPIE, C.J., and ROBERTSON and SUGG, JJ.
GILLESPIE, Chief Justice, for the Court:
This is an appeal from a decree of the Chancery Court of Lee County adjudicating that a policy of automobile liability insurance issued by Cotton Belt Insurance Company (insurer) to Mississippi State Highway Commission (Commission) did not afford uninsured motorist coverage.

THE FACTS
Under the provisions of what is now Mississippi Code 1972 Annotated section 65-1-19(s), Commission advertised for bids for liability insurance for motor vehicles and equipment for the period September 25, 1971, through September 24, 1972. The proposal contained ten conditions, the pertinent ones being as follows:
......
2. That coverage on each vehicle shall be limited to $5,000.00 for personal injury to any one person in any one accident, or $10,000.00 for personal injury to two or more persons in any one accident and $5,000.00 property damage per accident.
3. That coverage is extended to all State owned vehicles and equipment units whether licensed or unlicensed, self-propelled or non-self-propelled, while in use, standing still or in motion, as reflected by the equipment and vehicle use report.
......
8. The following departures from the so-called standard automobile policy forms:
(1) Coverage to be afforded only when motor vehicle is being used in performance of official duties.
(2) Applies only to negligence of any duly authorized office, agent, servant, attorney or employee of the State Highway Department.
9. Each bidder MUST submit a specimen copy of the policy form to be used by it.
There was no mention of uninsured motorist coverage in the proposal. The agency representing insurer was the successful bidder and the policy was issued in accordance therewith, and did not include uninsured motorist coverage.
There was no mention of uninsured motorist coverage in any of the minutes of the Commission. The present claim involving injuries to Evans D. Parker is the first instance of an insured under the Commission's policy being injured by an uninsured motorist. Parker, an employee of the Commission, was injured while an occupant of a Commission vehicle insured under the policy. The Commission vehicle in which he was riding was struck by another vehicle operated by Charles Northington, who was an uninsured motorist within the meaning of section 83-11-101. The injuries sustained by Parker resulted solely from the negligence of Charles Northington. Parker's damages exceeded $5,000. Commission is a self-insurer under the Mississippi Workmen's Compensation Act and at the time of trial had paid medical and weekly benefits to and on behalf of Parker in the total amount of $3,867.98, and was at that time continuing to pay *344 Parker workmen's compensation benefits. It was to recover these benefits that Commission intervened in this matter under the subrogation provisions of the Workmen's Compensation Act.

I.
The main issue in this case is whether Commission rejected uninsured motorist coverage. The following statutes were in force at the time the insurance was purchased.
Mississippi Code 1942 Annotated section 8038(r), now amended it appears as Mississippi Code 1972 Annotated section 65-1-19(s) (Supp. 1974), provides in part as follows:
(r) The commission is further authorized, in its discretion, to obtain and pay for liability insurance covering each, all, or any of the motor vehicles of the department so as to cover the following damages for injury to persons or property, or both, caused by the negligence of any duly authorized officer, agent, servant, attorney, or employee of the department while operating such motor vehicle in the performance of his official duties... . Provided, however, that on each vehicle the insurance policy shall be limited to $5,000.00 for personal injury to any one person in any one accident, or $10,000.00 for personal injury to two or more persons in any one accident, and $5,000.00 property damage.
Code section 8285-51, now Code section 83-11-101, provides in part as follows:
No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended, under provisions approved by the commissioner of insurance.
The Court recognizes that the automobile insurance business is quasi-public in character. Travelers Indemnity Co. v. Watkins, 209 So.2d 630 (Miss. 1968). The purpose of the uninsured motorist statute, section 83-11-101, is to provide protection to innocent insured motorists and passengers injured as a result of the negligence of financially irresponsible drivers. Rampy v. State Farm Automobile Insurance Co., 278 So.2d 428 (Miss. 1973). The uninsured motorist statute is written into every automobile liability policy issued in this state unless the insured named in the policy "shall reject the coverage in writing." This statute is remedial in nature and must be liberally construed to accomplish its purpose.
The wording of the statute and the bid proposal prepared by the Commission did not reject the uninsured motorist coverage. The language of the statute and that of the proposal that the coverage to be afforded applies only to negligence of any duly authorized officer, agent, servant, attorney, or employee of the State Highway Department referred to automobile liability insurance insuring against the negligence of such employees of the Commission when third parties were injured or the property of third parties was damaged by such employees' negligence. Uninsured motorist coverage has nothing to do with the negligence of such employees; it protects against the negligence of third parties who are uninsured.
The fact that the Commission stated in the proposal that it desired liability insurance did not reject uninsured motorist coverage by implication. The statute requires uninsured motorist coverage in every liability policy unless rejected in writing, and the proposal did not mention uninsured motorist coverage. We hold that the Commission did not reject the uninsured motorist coverage.

*345 II.
The second question involves the contention that the Commission did not have authority to purchase uninsured motorist coverage.
Code section 65-1-19(s) authorizes the Commission to purchase liability insurance on automobiles of the Commission. This statute was in force when the uninsured motorist statute was enacted providing that "no automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains" uninsured motorist coverage.
These statutes read together authorized the Commission to purchase uninsured motorist coverage. Barrett v. Cedar Hill Consol. School Dist., 123 Miss. 370, 85 So. 125 (1920).
It is stated in the conclusion of insurer's brief that no premium was paid for uninsured motorist coverage and that if the Court should hold that the policy did provide such coverage, then the case must be remanded for a determination of insurer's claim for premium do it for such coverage. No authority for this proposition is cited and we think it is without merit.
The decree below is reversed and judgment entered here against Cotton Belt Insurance Company for $5,000 in favor of Evans D. Parker and Mississippi State Highway Commission, and the case is remanded for the sole purpose of determining the amount of workmen's compensation benefits the Commission has paid and an order distributing the amount of the judgment in accordance with Code section 71-3-71.
This case was considered by a conference of the Judges en banc.
Reversed, rendered and remanded with directions.
All Justices concur, except SUGG, SMITH and ROBERTSON, JJ., who dissent.
SUGG, Justice (dissenting):
I dissent from the majority opinion for the reason that Mississippi Code Annotated section 65-1-19(s) (Supp. 1974) only grants authority to the Commission to purchase liability insurance to afford protection against negligence of its employees. The Act waives the immunity of the State from suit for acts of the employees of the Commission only to the extent of the insurance authorized by the statute. It specifically provides that the only liability of the State is the payment of the premiums on the policies.
The statute was not designed to provide protection to Highway Department employees against the negligence of irresponsible third persons. The employees of the Department are protected by the Commission as a self insurer under the Workmen's Compensation Act. Since the Commission provides Workmen's Compensation coverage for its employees, there is no valid reason for it to also carry uninsured motorist protection for its employees.
An agency of the State has only such powers specifically granted to it by the Legislature or necessarily implied from a grant of power. Since there was no direct authorization for the purchase of uninsured motorist insurance, such authority is not implied in the Uninsured Motorist Act of 1966.
SMITH and ROBERTSON, JJ., concur in this dissent.