**James M. LOWE, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. A. No. J85–1104(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 26, 1986.

Michael J. Malouf, Malouf & Malouf, Jackson, Miss., for plaintiff.

Jerome B. Steen, Steen, Reynolds, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on motion of the defendant, State Farm Mutual Automobile Insurance Corporation (State Farm), for summary judgment, arguing that State Farm owes no obligation to plaintiff. Plaintiff, James M. Lowe, has moved for partial summary judgment, contending that he is entitled to uninsured motorist benefits under the policy in question. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, and this court is *Erie-*bound to apply the law of Mississippi.

State Farm issued a policy of insurance to Aubrey and Bonnie Berryhill, covering the Berryhills' 1975 Buick Electra. According to the affidavit of Bonnie Berryhill, State Farm refused to sell the policy to the Berryhills absent a clause excluding the Berryhills' sons, James and Kenneth, from liability coverage. Consequently, the policy contains a provision which states:

In consideraton of the premium at which the policy is written, it is agreed that the Company shall not be and no liability or obligation of any kind shall attach to the Company for losses or damage sustained while any motor vehicle insured hereunder is driven or operated by James Berryhill and Kenneth Berryhill.

On November 25, 1979, Kenneth Berryhill, while driving the 1975 Buick Electra, was involved in a one automobile accident in which he was killed and his passenger, James M. Lowe, plaintiff, was injured. Lowe made a claim against the Berryhill policy, contending that, because Kenneth Berryhill as driver was excluded from liability coverage under the policy, uninsured motorist benefits were available to Lowe. State Farm denied the claim and this suit followed.

This issue has not been directly addressed by the Mississippi Supreme Court. Other jurisdictions have considered the question and have adopted the position argued by State Farm. *See State Farm Automobile Insurance Co. v. Kiehne,* 641 P.2d 501 (N.M.1982); *McCullough v. Standard Fire Insurance Co.,* 404 So.2d 637 (Ala.1981). This court is of the opinion, however, that the Mississippi Supreme

Court, if confronted with this issue, would hold otherwise.

In *State Farm Mutual Automobile Insurance Co. v. Nester,* 459 So.2d 787 (Miss. 1984), State Farm issued a policy of insurance covering an automobile owned by Mary Nester. Nester was injured in an accident while a passenger in the covered automobile but, because of a clause in her policy which excluded liability coverage under the circumstances of the accident, was not entitled to liability coverage. The Mississippi Supreme Court stated that, "in determining whether uninsured motorist coverage is available, one must view the matter from the perspective of the injured insured." *Id.* at 790. The court concluded that the vehicle was uninsured under the definition of the uninsured motorist statute and held that Nester was entitled to uninsured motorist benefits. *Id.* at 793.

In further support of this court's prediction of how the Mississippi Supreme Court would decide the question presented here are that court's consistent holdings that, in accord with the Mississippi Uninsured Motorist Statute, uninsured motorist coverage can only be rejected in writing. *See Parker v. Cottonbelt Insurance Company,* 314 So.2d 342, 344 (Miss.1975). Here, the Berryhills did not specifically reject uninsured motorist coverage and Bonnie Berryhill's affidavit states that she thought the exclusionary clause referred only to liability coverage.

Accordingly, this court is of the opinion that the Mississippi Supreme Court would hold that the exclusionary clause in question was not a rejection of uninsured motorist coverage and, therefore, the defendant's motion for summary judgment should be denied and that plaintiff's motion for partial summary judgment should be granted.

It is, therefore, ordered that defendant's motion for summary judgment is denied and plaintiff's motion for partial summary judgment is granted.