## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 95-CA-01036-SCT

*AMERICAN FEDERATED LIFE INSURANCE COMPANY*

*v.*

*GEORGE DALE, COMMISSIONER OF INSURANCE*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/18/95 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | PAT H. SCANLON |
| ATTORNEY FOR APPELLEE: | DAVID LEE HARRELL |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND RENDERED - 11/13/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/4/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND ROBERTS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. George Dale, Commissioner of Insurance for the State of Mississippi (hereinafter "the Commissioner"), gave public notice that he would hold a public hearing to consider the adoption of Regulation 94-103 (hereinafter "the Regulation") relating to credit life and credit accident and health insurance. The hearing was held on November 4, 1994, and the Appellant, American Federated Life Insurance Company (hereinafter "American Federated"), appeared at the hearing and objected to the Regulation. Other insurance companies and interested parties also filed various objections and comments at the hearing. On December 12, 1994, the Commissioner adopted the Regulation.

¶2. Pursuant to the Mississippi Department of Insurance's Rules of Practice and Procedure, American Federated filed a Petition for Review and Objection to Section 2, Paragraph 6 of the Regulation. The Commissioner denied the objections of American Federated.

¶3. American Federated then filed a complaint and appeal for review in the Chancery Court of Hinds County asking the court to review the Regulation adopted by the Commissioner. The Commissioner answered the complaint. American Federated then filed a Motion for Summary Judgment. The Commissioner filed a response and a cross-motion for summary judgment.

¶4. The Hinds County Chancery Court denied the motion submitted by American Federated and granted the Commissioner's cross-motion. From that decision, American Federated filed an appeal to this Court asking that the regulation be deemed invalid.

## STATEMENT OF THE ISSUES

**I. SINCE THE TERM "AGE BAND" IS NOT DEFINED BY STATUTE, REGULATION, OR CASE LAW, IS THE REGULATION VOID AS UNCONSTITUTIONALLY VAGUE?**

**II. ASSUMING THE COMMISSIONER INTENDED "ON ALL AGE BANDS" TO MEAN "ON ALL CREDIT LIFE INSURANCE WRITTEN BY AN INSURER," IS THE REGULATION VOID BECAUSE IT IS INCONSISTENT WITH THE STATUTE?**

## STATEMENT OF THE FACTS

¶5. When a customer obtains a loan or makes a time-payment purchase, the customer may obtain credit life insurance to pay the debt in the event of the customer's death, eliminating any obligation on the customer's estate. Credit insurance is regulated under Miss. Code Ann. § 83-53-1 to -47. Miss. Code Ann. § 83-53-1 states: "The purpose of this chapter is to promote the public welfare by regulating credit life insurance and disability insurance. Nothing in this chapter is intended to prohibit or discourage competition which is in the public interest. The provisions of this chapter shall be liberally construed."

¶6. The Commissioner of Insurance is charged with enforcing and promulgating regulations to protect the public interest under Miss. Code Ann. § 83-53-29 (1991), which states: "The Commissioner may, after notice and hearing, issue any rules and regulations that he deems necessary to effectuate the purposes of this chapter or to eliminate devices or plans designed to avoid or render ineffective the provisions of this chapter."

¶7. Under Mississippi law, an insurance company can charge certain maximum rates for credit life insurance, without approval of the Insurance Commissioner, if the insurer makes the coverage available to all customers less than sixty-five years of age. Miss. Code Ann. § 83-53-23. The "reasonable" rate for credit life insurance is $0.80 per every $100.00 of single life decreasing term insurance. Miss. Code Ann. § 83-53-23(1). To charge the "reasonable" rate, an insurance company must meet the following requirements:

Coverage is provided or offered to all debtors regardless of age, or to all debtors not older than the applicable age limit, which shall not be less than the attained age of sixty-five (65) years, if the limit applies to the age when the insurance attaches or not less than the attained age of sixty-six (66) if the limit applies to the age on the scheduled maturity date of the debt.

Miss. Code Ann. § 83-53-23(2)(b).

¶8. An insurer may obtain the Insurance Commissioner's approval to charge rates in excess of the "reasonable" rate as defined by statute. To obtain this approval, the insurer must show that the anticipated mortality experience (deaths of the persons for whom insurance is written) shall cause the insurer to pay claims in amounts exceeding 50% of the premiums collected. A variance from the "reasonable" rates is governed by Miss. Code Ann. § 83-53-23(5), which states:

> (5) An insurer may receive approval of a different premium rate or schedule of premium rates to be used in connection with a particular policy form, or any type of coverage other than described herein, or a particular class or classes or risk of the debtors of a creditor, if the insurer demonstrates to the satisfaction of the commissioner that the mortality or morbidity experience which may reasonably be anticipated will develop a loss ratio in excess of fifty percent (50%).

¶9. In 1994, the Commissioner became concerned that some insurance companies operating in the State of Mississippi were misinterpreting the credit insurance laws of the state. As a result of this concern, the Commissioner proposed a regulation to address the concerns. After a public hearing the Commissioner adopted Regulation 94-103.

¶10. American Federated objected to Section 2.6 of Regulation 94-103, which reads as follows:

> Pursuant to Miss. Code Ann. §§ 83-53-23(2)(b) and 83-53-23(5) (Rev. 1991), whenever a company deviates from the $.80 per $100.00 of initial insured indebtedness rate at any age, the said company will have to substantiate that the rates at all ages (i.e., each age band) produce a loss ratio of at least 50%. The aforementioned rates will not be approved by the Department of Insurance until such time as the company substantiates a loss ratio of at least 50% on all age bands. Any company that is found charging rates that deviate from the $.80 per annum per $100.00 of initial insured indebtedness after the effective date of this regulation, must be able to substantiate the 50% loss ratio or either be prepared to refund any overcharges.

¶11. American Federated feels that the Regulation is unconstitutional for vagueness because the term "age band" is not defined. American Federated also considers the Regulation to be in conflict with Miss. Code Ann. § 83-53-23(5) (hereinafter the "Statute") and argues that the Commissioner exceeded his authority by adopting a Regulation that is inconsistent with the Statute.

¶12. The Commissioner claims that the Regulation is in the best interest of the people of Mississippi. Therefore, he is upholding his duty as the Commissioner of Insurance. The Commissioner feels that American Federated is attempting to "carve out" elderly customers and charge them with a rate in excess of the "reasonable" rate.

## ANALYSIS

¶13. Because Issue II is determinative of the matters *sub judice*, it is not necessary for this Court to determine or consider the vagueness of the definition "age band" as found in the Commissioner's regulation. Therefore, we decline to make such a finding. However, we do find that the Commissioner's regulation exceeded his authority and materially denied the effect of the statute and we reverse and render under the following analysis.

## II. ASSUMING THE COMMISSIONER INTENDED "ON ALL AGE BANDS" TO MEAN "ON ALL CREDIT LIFE INSURANCE WRITTEN BY AN INSURER," IS THE REGULATION VOID BECAUSE INCONSISTENT WITH THE STATUTE?

¶14. This Court reviews the regulations of an administrative agency *de novo*. ***Mississippi State Dept. of Health v. Southwest Mississippi Regional Medical Center***, 580 So. 2d 1238, 1240 (Miss. 1991). This Court will not reverse an agency's decision unless the decision was: (1) unsupported by substantial evidence; (2) arbitrary or capricious; (3) beyond the power of the administrative agency to make; or (4) in violation of some statutory or constitutional right of the complaining party. ***Mississippi Comm'n on Environmental Quality v. Chickasaw County Board of Supervisors***, 621 So. 2d 1211, 1215 (Miss. 1993).

¶15. American Federated argues that the adoption of the Regulation by the Commissioner is beyond the power of the Commissioner because the Regulation is inconsistent with Miss. Code Ann. § 83-53-23(5). Although the term "age bands" was never defined, it is clear that the intent of the Commissioner was to require at least a 50% overall loss ratio to charge rates in excess of $0.80 per $100.00 of initial indebtedness on credit life insurance. The Regulation requires at least a 50% loss ratio on all "age bands" to charge an amount greater than the statutory "reasonable" rate. It would be impossible for each "age band" to have a loss ratio of at least 50% if the overall loss ratio was not at least 50%. However, it would be possible to have an overall loss ratio in excess of 50% without having a loss ratio of at least 50% on **all** "age bands." In that instance, the insurer would not qualify for an increased rate under the Regulation. Therefore, the definition of "age band" is irrelevant to the application of the Regulation as intended by the Commissioner. It is merely a means of grouping together different classes of risk that has no effect on the meaning of the Regulation. The true effect of the Regulation is to require at least a 50% loss ratio on the entire amount of credit life insurance issued by an insurer to charge a higher rate.

¶16. This Court must answer one question: Is the Regulation's requirement of an overall loss ratio in excess of 50% inconsistent with Miss. Code Ann. § 83-53-23(5) and therefore invalid?

¶17. As suggested by American Federated and the Commissioner, an administrative body or officer may not lawfully adopt regulations that are inconsistent with the statutes. ***Mississippi State Tax Comm'n v. Reynolds***, 351 So. 2d 326, 327 (Miss. 1977); ***Crosby v. Barr***, 198 So. 2d 571, 573 (Miss. 1967).

¶18. The Commissioner argues that the Regulation is merely a reiteration of the Statute clarifying a previously misinterpreted matter. The trial court agreed. The Commissioner suggests that a rate in excess of the "reasonable rate" is still allowed under the Regulation just as it was under the Statute, but an insurer must show a 50% loss ratio on all "age bands." The Commissioner contends that it is within his power to liberally construe the credit insurance statutes to ensure the promotion of public interest and competition in the State of Mississippi. Miss. Code Ann. § 83-53-1. Within this power, the Commissioner may adopt regulations deemed "necessary to effectuate the purposes of this chapter or to eliminate devices or plans designed to avoid or render ineffective the provisions of this chapter." Miss. Code Ann. § 83-53-29 (1991).

¶19. American Federated argues that elderly customers will no longer be able to purchase credit life insurance. Insurance companies generally do not offer credit life insurance to customers age seventy

or older. The high risk on customers between the ages of sixty-five and seventy will prevent the insurance companies from offering credit life insurance to these customers unless they can charge a higher rate. In support, American Federated suggests a loss ratio far in excess of 50% for customers age sixty-five and older.

¶20. This Court holds that the Regulation is inconsistent with the Statute. The Statute clearly states that a variance may be granted if the loss ratio for a particular class is at least 50%. Despite the fact that the Commissioner makes a compelling public policy argument, this Court finds the Regulation to be inconsistent with the Statute. Therefore, this Court reverses the trial court because the Regulation is inconsistent with the Statute and is therefore outside the scope of the Commissioner's power to promulgate.

## CONCLUSION

¶21. This case involves the interpretation of a statute by an administrative agency. The Commissioner of Insurance clearly has the authority to promulgate rules and regulations to protect the public. However, he may not promulgate rules that alter or amend or negate the effect of a statute and he may not overstep his authority by creating regulations inconsistent with the controlling statutes. This Court is asked to consider the Commissioner's interpretation of Miss. Code Ann. § 83-53-23(5). The Commissioner's position and interpretation are supported by public policy arguments seeking to lower the cost of credit life insurance to the senior citizens of Mississippi. However, a strict reading of the Statute leads this Court to hold that the Commissioner exceeded his authority by adopting a regulation that altered the Statute as adopted by the Legislature.

¶22. REVERSED AND RENDERED.

PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY. MILLS, J., NOT PARTICIPATING.