Donna K. ALBERSON and Pamela Curnett *v.*
AUTOMOBILE CLUB INTERINSURANCE EXCHANGE

CA 00-173                                        27 S.W.3d 447

Court of Appeals of Arkansas
Division IV
Opinion delivered October 4, 2000

Gary Eubanks & Associates, by: Robert S. Tschiemer and William Gary Holt, for appellants.

Kemp, Duckett, Spradley, Curry & Arnold, by: James M. Duckett, for appellee.

ANDREE LAYTON ROAF, Judge. Donna K. Alberson, individually and as administratrix of the estate of Terry Alberson, Jr., and Pamela Curnett appeal from the Faulkner County Circuit Court's grant of summary judgment in favor of appellee Automobile Club Interinsurance Exchange, hereinafter "Exchange." Alberson and Curnett had sought to collect underinsured benefits under the automobile insurance policy of a car in which they were passengers, in addition to the liability benefits they had already collected under the same policy. On appeal, they argue that the trial court erred in granting summary judgment because the policy is ambiguous, they were "insureds" under the policy, and they were entitled to recover under both the liability and underinsured provisions of the policy. We affirm.

On April 7, 1997, Terry Alberson, Jr., and Pamela Curnett were passengers in a car being driven by Donald T. Long on U.S. Highway 65. Long crossed the centerline and hit another vehicle, resulting in his death and the death of Alberson. Curnett suffered injuries in the accident. It is undisputed that Long was at fault.

The owner of the vehicle that Long was driving was insured by Exchange. Exchange interpleaded the liability policy limits of $50,000 into the Faulkner County Chancery Court, which awarded $7,000 to Alberson's estate, $23,000 to Curnett, and the remaining $20,000 to the driver of the other vehicle. Donna K. Alberson, individually and as Administratrix of the Alberson's estate, and Curnett then filed suit against Exchange, seeking to collect $25,000 under the underinsured provisions of the same policy under which they had collected liability benefits. Exchange moved for summary judgment, which was granted after a hearing in which Alberson and Curnett argued that the policy was ambiguous

and that construed in the light most favorable to the covered person, it entitled them to the underinsured coverage. The trial judge specifically found that the policy was not ambiguous.

On appeal, Alberson and Curnett raise the same argument. They argue that the policy was ambiguous because there is an offset clause in both Part A (Liability) and Part G (Underinsured Coverage) of the policy.[1] They contend that according to the policy, both liability and underinsured benefits may be received from the negligent driver "in an appropriate case." Alberson and Curnett further argue that the passengers were "insureds" under the policy, a point that is conceded by Exchange, as far as the liability coverage of the policy is concerned. Finally, they contend that because of the offset provision cited in the footnote that appears in both the liability and underinsured sections of the policy, they were "manifestly entitled to make an underinsured claim." This argument is without merit.

In reviewing summary-judgment cases, we determine whether the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered. *Norris v. State Farm Fire & Cas. Co.*, 341 Ark. 360, 16 S.W.3d 242 (2000). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* Here, there are no material questions of fact, there is only the matter of construing the insurance policy and determining if the provisions regarding coverage are ambiguous. The question of whether there is an ambiguity in an insurance contract is initially decided by the court. *Shelter Mut. Ins. Co. v. Williams*, 69 Ark. App. 35, 9 S.W.3d 545 (2000).

Our law regarding the construction of an insurance contract is well settled. The language in an insurance policy is to be construed in its plain, ordinary, popular sense. *Norris v. State Farm Fire & Cas. Co.*, *supra*. Once it is determined that coverage exists, it then must be determined whether the exclusionary language within

---

[1] The referenced provision states the following: "However, the limit of liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A of this policy."

the policy eliminates the coverage. *Id*. Exclusionary endorsements must adhere to the general requirements that the insurance terms must be expressed in clear and unambiguous language. *Id.; See also Nationwide Mut. Ins. Co. v. Worthey*, 314 Ark. 185, 861 S.W.2d 307 (1993). In order to be ambiguous, a term in an insurance policy must be susceptible to more than one reasonable construction. *Insurance Co. of North Am. v. Forrest City Country Club*, 36 Ark. App. 124, 819 S.W.2d 296 (1991).

██ We conclude that the trial judge was correct when he found that there was no ambiguity in the policy and that the appellants were not entitled to underinsured coverage. While it is true that the so-called offset clause appears under both the liability and underinsured sections of the policy, it does not follow that it allows for a reasonable interpretation that the passengers of a negligently operated vehicle would be allowed to claim underinsured benefits. To come to that conclusion, one would have to ignore the exclusion provision in the underinsured coverage section that states: "We do not provide Underinsured Motorists Coverage for bodily injury sustained by any person: 1. While occupying . . . any motor vehicle owned by you." It is well settled that the intent of the parties is to be determined from the whole context of the agreement and that the court must consider the instrument in its entirety, not merely disjointed or particular parts of it. *Continental Cas. Co. v. Davidson*, 250 Ark. 35, 463 S.W.2d 652 (1971); *Fowler v. Unionaid Life Ins. Co.*, 180 Ark. 140, 20 S.W.2d 611 (1929). Because the intent to exclude passengers in the insured's vehicle from claiming underinsured benefits is expressed in clear and unambiguous language, it must be given effect by the construing court.

We affirm.

BIRD and KOONCE, JJ., agree.