Judy BEAVER and Jimmy Beaver *v.* JOHN Q. HAMMONS HOTELS, INC., and John Q. Hammons Hotels, L.P.

CA 02-1106                                        102 S.W.3d 903

Court of Appeals of Arkansas
Division IV
Opinion delivered April 16, 2003

*Daily & Woods, P.L.L.C.,* by: *Jerry Canfield,* for appellants.

*Jones & Harper,* by: *Niki T. Cung* and *Charles R. Garner, Jr.,* for appellees.

L ARRY D. VAUGHT, Judge. This is a slip-and-fall case that has previously been before this court. The central issue presented is whether the circuit judge erred in granting summary judgment to the appellees John Q. Hammons Hotels, Inc., and John Q. Hammons Hotels, L.P., after holding that an earlier Arkansas Workers' Compensation Commission determination as to causation had a preclusive effect in this negligence action. As explained below, we hold that the judge did err, and we reverse and remand.

### Procedural History

In April 1997, appellant Judy Beaver attended a seminar related to her work at the Holiday Inn Civic Center in Fort Smith. During a lunch break, Mrs. Beaver and some of her coworkers decided to eat lunch at the hotel's restaurant. While approaching the buffet, she slipped on an allegedly wet floor. She grabbed a coworker as she fell and hit the floor with her right

knee. Mrs. Beaver sought medical treatment in June 1997 and was diagnosed with a herniated disc. She then sought workers' compensation benefits for a compensable back injury. Although she was initially awarded such benefits, the Commission reversed on two grounds: (1) she was not performing employment services at the time of the injury; (2) she failed to prove that her disc herniation resulted from the April 1997 fall.

Mrs. Beaver appealed both findings to this court. In *Beaver v. Benton County Child Support Unit*, 66 Ark. App. 153, 991 S.W.2d 618 (1999), we affirmed the Commission's decision on the sole ground that there was substantial evidence to support the Commission's finding that she was not engaged in employment services at the time she fell. We did not address the issue of causation.

In 2000, Judy and Jimmy Beaver sued appellees John Q. Hammons Hotels, L.P., the owner of the hotel; John Q. Hammons Hotels, Inc., the manager of the hotel; and several John Does, alleging that their negligence caused Mrs. Beaver's injuries. Appellees moved for summary judgment, arguing that, because the Commission had determined that Mrs. Beaver had failed to prove physical harm resulting from the fall, she was collaterally estopped from litigating that issue in this action. The trial judge agreed and dismissed the claims against the hotel and its manager. We dismissed an appeal from that decision because the claims against the John Does had not been dismissed and, therefore, a final order was lacking. Appellants subsequently took a nonsuit of their claims against the John Does, and the circuit judge issued a final order of dismissal on the basis of collateral estoppel. This appeal followed.

*Argument*

Appellants argue that the trial judge erred in granting summary judgment to appellees because the Commission's determination as to causation is not entitled to preclusive effect. They base their argument on the facts that the causation issue was not the sole basis for the Commission's decision and that we did not address it in the appeal from the Commission.

## Standard of Review

In reviewing summary-judgment cases, we determine whether the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered. *Alberson v. Automobile Club Interins. Exch.*, 71 Ark. App. 162, 27 S.W.3d 447 (2000). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.*

## Collateral Estoppel

The doctrine of collateral estoppel or issue preclusion bars the relitigation of issues of law or fact actually litigated in the first suit. *Coleman's Serv. Ctr., Inc. v. Federal Deposit Ins. Corp.*, 55 Ark. App. 275, 935 S.W.2d 289 (1996). When an issue of fact or law is actually litigated and determined by a valid and final judgment and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. *Id.; Restatement (Second) of Judgments* § 27 (1982). Collateral estoppel may be asserted by a stranger to the first judgment or decree but is applicable only when the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question in the earlier proceeding. *Office of Child Support Enforcement v. Willis*, 347 Ark. 6, 59 S.W.3d 438 (2001); *Coleman's Serv. Ctr., Inc. v. Federal Deposit Ins. Corp.*, supra. For collateral estoppel to apply, the following elements must be met: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; (4) the determination must have been essential to the judgment. *Van Curen v. Arkansas Prof. Bail Bondsman Licensing Bd.*, 79 Ark. App. 43, 84 S.W.3d 47 (2002). Decisions of an administrative board may be entitled to collateral estoppel effect. *Id.*

Additional considerations come into play, however, when the administrative board's decision is based on two different grounds;

this situation relates to the "essential to the judgment" require-ment of collateral estoppel. Here, the circuit judge's decision is not in keeping with either the first or the second *Restatement of Judgments* because we did not address the causation issue in the appeal from the Commission's decision. Comment *n* to section 27 of the first *Restatement of Judgments* (1942), provided in part: "Where the trial court bases the judgment upon two alternative grounds, and an appellate court affirms the judgment solely on one of the grounds, the judgment is not conclusive in a subse-quent action in which the other ground is in issue."

Comment *o* to section 27 of the second *Restatement* provides that, if the appellate court upholds one of the determina-tions as sufficient and refuses to consider the other, the judgment is conclusive only as to the first determination:

> If the judgment of the court of first instance was based on a determination of two issues, either of which standing indepen-dently would be sufficient to support the result, and the appellate court upholds both of these determinations as sufficient, and accordingly affirms the judgment, the judgment is conclusive as to both determinations. In contrast to the case discussed in Comment *i*, the losing party has here obtained appellate decision on the issue, and thus the balance weighs in favor of preclusion.
> If the appellate court upholds one of these determinations as sufficient but not the other, and accordingly affirms the judg-ment, the judgment is conclusive as to the first determination.
> If the appellate court upholds one of these determinations as sufficient and refuses to consider whether or not the other is suf-ficient and accordingly affirms the judgment, the judgment is conclusive as to the first determination.

It is true that the position adopted by the *Restatement (Second) of Judgments* § 27, Comment *o* (1982) has not been uniformly adopted. *See* 18 James Wm. Moore et al., Moore's Federal Practice § 132.03[4][b] (3d ed. 2002); 46 Am. Jur. 2d *Judg-ments* § 591 (1994). However, it has been adopted by the Eighth Circuit Court of Appeals. *See Baker Elec. Coop., Inc. v. Chaske*, 28 F.3d 1466 (8th Cir. 1994) (applying North Dakota law).

In 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure: Res Judicata § 4421, at 568-70 (2d ed. 2002), the authors state:

The Restatement Second of Judgments has sought to create a new intermediate ground of its own. As a first proposition, it would . . . deny preclusion as to any of the independently sufficient findings of a trial court. This view has found support in state law. Two paths are then offered to justify preclusion in other circumstances.

On the first path, if an appeal is taken preclusion should attach to every ground that is in fact reviewed and affirmed by an appellate court. This result is justified on the ground that the fear of artificially forcing cautionary appeals is dispelled by the fact that an appeal was taken and review had. At the same time, it must be noted that this rule may have the converse effect of artificially discouraging appeals by parties who would choose to accept defeat in one case to avoid the risk of issue preclusion in another case. As to matters passed over by the appellate court, however, preclusion is not available on the basis of the trial-court decision. This result is supported by the fact that the appellate choice of grounds for decision has made unavailable appellate review of the alternative grounds.

The federal decisions agree with the Restatement view that once an appellate court has affirmed on one ground and passed over another, preclusion does not attach to the ground omitted from its decision.

In their brief, appellees rely on cases from other jurisdictions that do not follow the modern rule as set forth in the comments to section 27 of the second *Restatement*. Although the appellate courts of this state have not addressed the precise question presented in this appeal, the supreme court has relied upon section 27 of the second *Restatement* in other situations. *See In re Estate of Goston v. Ford Motor Co.*, 320 Ark. 699, 898 S.W.2d 471 (1995); *John Cheeseman Trucking, Inc. v. Pinson*, 313 Ark. 632, 855 S.W.2d 941 (1993); *Smith v. Roane*, 284 Ark. 568, 683 S.W.2d 935 (1985).

In the circumstances presented by this case, we believe it is appropriate to follow Comment *o* to section 27 of the *Restatement (Second) of Judgments*. Accordingly, we hold that the circuit judge erred in giving preclusive effect to the Commission's causation determination.

Reversed and remanded.

PITTMAN and ROBBINS, JJ., agree.