Dora CASTANEDA *v.* PROGRESSIVE CLASSIC
INSURANCE COMPANY

CA 03–186                                                    125 S.W.3d 835

Court of Appeals of Arkansas
Division III
Opinion delivered October 22, 2003

[Petition for rehearing denied November 19, 2003.]

*Odom and Elliott, P.A.*, by: *Don R. Elliott, Jr.*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Julia L. Busfield*, for appellee.

A<span></span>NDREE LAYTON ROAF, Judge. This appeal is from a summary judgment entered for appellee Progressive Classic Insurance Company in a lawsuit brought by its insured, appellant

Dora Castaneda, for uninsured-motorist benefits. Progressive moved for summary judgment on the ground that the accident occurred while a named excluded driver was at the wheel of Castaneda's car. On appeal from the summary judgment for Progressive, Castaneda argues (1) that the named-driver exclusion is ambiguous, (2) that she did not reject her own uninsured-motorist benefits for injuries suffered while riding as a passenger of an excluded driver, and (3) that it is against public policy to construe the named-driver exclusion as applying to this situation. We affirm the trial court's decision.

On August 6, 2001, Castaneda was injured while riding as a passenger in an automobile covered by her policy; the driver of the automobile was Castaneda's son, Aaron Castaneda. Their car was stopped at a traffic signal and was rear-ended by an uninsured negligent driver. Alleging that the accident was the result of an uninsured third party's fault, Castaneda sued Progressive in circuit court for $25,000 in uninsured-motorist benefits. Progressive denied coverage on the ground that the vehicle was operated by Aaron, who was a named excluded driver under the policy. Castaneda amended her complaint to assert that the policy's named-driver exclusion applied only if Aaron was at fault, which was not the case here, and that it would be against public policy to interpret the exclusionary clause in any other manner. Progressive then moved for summary judgment, relying on the express terms of the policy.

The insurance policy's named-driver exclusion, which Castaneda signed, stated:

> You have named the following persons as excluded drivers under this policy.

> NAME OF EXCLUDED DRIVER        DATE OF BIRTH

> AARON CASTANEDA                              01/13/86

> No coverage is provided for any claim arising from an accident or loss that occurs while a covered vehicle or non-owned vehicle is operated by the excluded driver(s). THIS INCLUDES ANY CLAIM FOR DAMAGES MADE AGAINST YOU, A RELATIVE, OR ANY OTHER PERSON OR ORGANIZATION THAT IS VICARIOUSLY LIABLE FOR AN ACCIDENT

ARISING OUT OF THE OPERATION OF A COVERED VEHICLE OR NON-OWNED VEHICLE BY THE EX-CLUDED DRIVER.

The policy's general provisions also stated:

If you have asked us to exclude any person from coverage under this Policy, then we will not provide coverage for any claim arising from an accident or loss involving a covered vehicle or non-owned vehicle that occurs while it is being operated by the excluded person. THIS INCLUDES ANY CLAIM FOR DAM-AGES MADE AGAINST YOU, A RELATIVE, OR ANY OTHER PERSON OR ORGANIZATION THAT IS VICARI-OUSLY LIABLE FOR AN ACCIDENT ARISING OUT OF THE OPERATION OF A COVERED VEHICLE OR NON-OWNED VEHICLE BY THE EXCLUDED DRIVER.

The uninsured-motorist bodily-injury coverage provision was set forth as follows:

Subject to the Limits of Liability, if you pay a premium for Uninsured Motorist Bodily Injury Coverage, we will pay for damages, other than punitive or exemplary damages, which an insured person is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:

1. sustained by an insured person;

2. caused by accident; and

3. arising out of the ownership, maintenance, or use of an uninsured motor vehicle.

In response to the motion for summary judgment, Castaneda contended that the named-driver exclusion was ambiguous and that it and the uninsured-motorist provisions of the policy did not adequately reject the uninsured-motorist coverage to comply with Arkansas law.

At the hearing on the motion to dismiss, the judge made the following statement:

[T]he argument that the policy language becomes ambiguous because of the amplification [in the exclusion] ... I don't find that

that creates an ambiguity. I see it strictly as a warning, an attempt to warn them that they are losing all protection from suits by others arising out of the operation of this vehicle. I don't buy a public policy issue here. I mean, in fact, everything here works against that. This lady excluded the driver. That reduced her premium. And then she, I will have to assume knowingly and intentionally, put this young man in the vehicle as the driver and let him operate the vehicle and an accident ensued. It doesn't appear to be connected to fault or non-fault or fault on the other person, it just seems to be an exclusion which as I read it ... I don't see any ambiguity at all. "Any claim arising from an accident or loss that occurs while a covered vehicle or non-owned vehicle is operated by the excluded driver." There's no public policy argument here. A totally innocent person would not have coverage and a pedestrian, driver of another car. Why in the world should this lady have coverage when she is the one that paid the reduced premium and then willfully allowed a non-covered or an excluded driver to operate the vehicle? ...

I know exclusions are upheld unless ... they violate a clearly enunciated or well-founded public policy. I don't find that here. The language of the contract is plain and unambiguous in my opinion, and so is Arkansas precedent on this issue, and so the motion for summary judgment will be granted.

Castaneda takes this appeal from the circuit court's award of summary judgment to Progressive.

In reviewing summary-judgment cases, we determine whether the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered. *Alberson v. Automobile Club Interins. Exch.*, 71 Ark. App. 162, 27 S.W.3d 447 (2000). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* All proof submitted with a motion for summary judgment must be viewed in the light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *McWilliams v. Schmidt*, 76 Ark. App. 173, 61 S.W.3d 898 (2001). Summary judgment is not appropriate where evidence, although in no material dispute as to actuality, reveals aspects from which

inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Lee v. Hot Springs Village Golf Schs.*, 58 Ark. App. 293, 951 S.W.2d 315 (1997).

Castaneda first contends that the named–driver exclusion is ambiguous because it did not expressly state that uninsured–motorist coverage was not available to a named insured for injuries sustained when the excluded driver was operating the vehicle. Therefore, Castaneda argues, summary judgment was inappropriate because the rules of construction, which favor insureds over insurance companies, come into play when a policy is ambiguous.

■■ In reviewing an insurance policy, the appellate court submits to the principle that, when the terms of the policy are clear, the language in the policy controls. *Columbia Mut. Ins. Co. v. Home Mut. Fire Ins. Co.*, 74 Ark. App. 166, 47 S.W.3d 909 (2001). The language in an insurance policy is to be construed in its plain, ordinary, popular sense. *Norris v. State Farm Fire & Cas. Co.*, 341 Ark. 360, 16 S.W.3d 242 (2000). If a policy provision is unambiguous, and only one reasonable interpretation is possible, the court will give effect to the plain language of the policy without resorting to rules of construction; if, however, the policy language is ambiguous, the policy will be construed liberally in favor of the insured and strictly against the insurer. *Id.* Language is ambiguous only if it is susceptible to more than one reasonable interpretation. *Elam v. First Unum Life Ins. Co.*, 346 Ark. 291, 57 S.W.3d 165 (2001); *State Farm Fire & Cas. Co. v. Midgett*, 319 Ark. 435, 892 S.W.2d 469 (1995). Whether the language of a policy is ambiguous is a question of law to be resolved by the court. *Norris v. State Farm Fire & Cas. Co., supra.*

■ An insurer may contract with its insured upon what–ever terms the parties may agree upon that are not contrary to statute or public policy. *Jordan v. Atlantic Cas. Ins. Co.*, 344 Ark. 81, 40 S.W.3d 254 (2001). Absent statutory strictures to the contrary, exclusionary clauses are generally enforced according to their terms. *Id.* The terms of an insurance contract are not to be rewritten under the rule of strict construction against the company issuing it so as to bind the insurer to a risk that is plainly excluded and for which it was not paid. *Id.*

■ Castaneda argues that the exclusion is rendered ambiguous by the sentence beginning "[t]his includes any claim for damages made against you...." The trial court found that this language was in the nature of a warning that liability protection could be lost. We agree that the sentence merely emphasizes the effect of the exclusion on the policyholder's liability coverage and does not purport to limit its application in respect to other types of claims.

■ Castaneda also argues that, when considered in conjunction with the uninsured-motorist provision, the exclusion is ambiguous. We disagree. In our view, the only reasonable interpretation of the policy is that the named-driver exclusion, which applies to "any claims arising from an accident or loss that occurs while a covered vehicle ... is operated by the excluded driver," prevents the recovery of uninsured-motorist benefits by Castaneda, even though she was a named insured. The exclusion is not qualified by the terms "except when the excluded driver is without fault" or "except when an insured is riding as a passenger"; it simply states that there is no coverage for "any claims" whenever an excluded driver is operating the vehicle. Castaneda has not raised the issue of whether the exclusion might be rendered ambiguous in any other manner or by the policy's lack of a definition for the phrase "is operated by" or by any other conflicts between the language of the various policy provisions, and we therefore need not consider any other possible sources of ambiguity in this policy. Accordingly, we affirm the circuit court's decision on this issue.

Castaneda argues that, in light of the ambiguity, she did not intentionally and knowingly reject uninsured-motorist coverage in writing as is required by Ark. Code Ann. § 23-89-403 (Supp. 2001). Arkansas Code Annotated section 23-89-403(a)(1) provides that all automobile liability insurance policies must provide "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom." However, such coverage "shall not be applicable where any insured named in the policy has rejected the coverage in writing ...." Ark. Code Ann. § 23-89-403(a)(2) (Supp. 2001). Castaneda points out that the named-driver exclusion did not mention her uninsured-motorist coverage and asserts that she was not put on notice that, by signing the

named-driver exclusion, she was rejecting such benefits when Aaron was driving the car.

Castaneda also argues that it is against the public policy of this state to construe this exclusion as barring her from recovering uninsured-motorist benefits and asserts that the purpose of excluding an inexperienced or poor driver does not apply when the excluded driver is not the cause of the collision. She points out that this exclusion would not have prevented her from recovering uninsured-motorist benefits if she had been injured while driving, riding as a passenger in a car, riding a bicycle, or walking as a pedestrian. She argues that she paid for uninsured-motorist coverage for herself without regard to whether an excluded driver was operating the vehicle and that to deny it in this instance violated the public policy of protecting those who pay for automobile insurance against the negligence of those who violate the law and do not pay for it. In response, Progressive asserts that Castaneda received the benefit of a significantly reduced premium because of the exclusion and that it cannot be the policy of this state to require the payment of benefits for which Castaneda did not pay a premium. Castaneda contended in oral argument that uninsured-motorist premiums are not reduced where there is an excluded driver, because they are predicated on negligence other than that of the driver of the insured vehicle.

Castaneda cites decisions from other states that have held that this type of named-driver exclusion was inadequate to reject uninsured-motorist coverage, such as *Lowe v. State Farm Mut. Auto. Ins. Co.*, 633 F. Supp. 901 (S.D. Miss. 1986). We note, however, that other courts have held to the contrary. *See McCullogh v. Standard Fire Ins. Co. of Ala.*, 404 So.2d 637 (Ala. 1981); *Lopez v. Dairyland Ins. Co.*, 890 P.2d 192 (Colo. Ct. App. 1994); *O'Brien v. Dorrough*, 928 P.2d 322 (Okla. Ct. App. 1996). *See also Principal Mut. Life Ins. Co. v. Progressive Mountain Ins. Co.*, 27 P.3d 343 (Colo. 2001). It is also clear that, in general, named-driver exclusions do not violate public policy in Arkansas. *See Jordan v. Atlantic Cas. Ins. Co., supra; Smith v. Shelter Mut. Ins. Co.*, 327 Ark. 208, 937 S.W.2d 180 (1997); *Shelter Gen. Ins. Co. v. Williams*, 315 Ark. 409, 867 S.W.2d 457 (1993).

Given the record presented, however, we cannot decide this issue because Castaneda has failed to satisfy her burden of bringing up a record demonstrating error on appeal. *See Cassidy v. Arkansas Dep't of Human Servs.*, 76 Ark. App. 190, 61 S.W.3d 880

(2001). Even though both parties base their arguments in part on the amounts and types of premiums that Progressive collected from Castaneda, no premium calculation or analysis has been provided for our consideration. Without this necessary calculation, we are left with the general principle that named-driver exclusions do not violate public policy in Arkansas and cannot reach the specific public-policy question based upon the assessment and collection of premiums. Therefore, we are left with no choice but to affirm the trial court's decision.

Affirmed.

STROUD, C.J., and NEAL, J., agree.